OLIVER P. CHANDLER, Plaintiff in Error, *vs.* JOHN KENT, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Where an action is brought under *Section* 12, *page* 651, *of the Compiled Statutes* to recover possession of land for nonpayment of rent and taxes by a tenant, and the answer admits service of the demand in writing, required by the statute, the Plaintiff may rely upon such admission and need not prove the same on the trial.

HORN & GALUSHA, Counsel for Plaintiff in Error.

D. COOPER, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.—Action under *section* 12 of the forcible entry and detainer act (*Com. Stats*, 651,) to recover possession of land for failure on part of tenant to perform stipulations of lease. Complaint alleges demand of possession previous to the commencement of the action, in the following words : " That the said Plaintiff, * * * on the 18th day of June, did demand of the Defendant in writing, the immediate possession of said premises. That more than three days have elapsed since said demand, and the said Defendant refuses and omits to remove therefrom or surrender the same to the Plaintiff," &c. The answer does not deny this allegation. On the trial, the counsel for the Plaintiff insisted that the allegation of demand was admitted, and needed no proof, but the Court thought otherwise, and held him to his proof. He then proposed to show by parol the contents of the notice, which was ruled out by the Court, and on the Plaintiff failing to produce the original, or account for its absence, the action was dismissed. The error complained of is, that no proof was necessary and none should have been required, the fact having been admitted by the answer.

The counsel for the Defendant has made a very ingenious argument to show that the allegation in the complaint is not a compliance with the statute, and therefore not the subject of admission. And he also claims, and so the Court held, we are to suppose, that the fact of notice having been served upon the tenant is jurisdictional, and must be established by proof under all circumstances, whether admitted in the pleadings or not. The statute requires that the Plaintiff " shall make demand in writing of such tenant or person holding over, that he or she shall deliver possession of the premises held as aforesaid." The allegation in the complaint is that the Plaintiff " did demand of the Defendant, in writing, the immediate possession of said premises." It would be hard to make a respectable argument to prove that this allegation was not a full and almost literal compliance with the statute, and we do not believe it would have been attempted had not the learned counsel, by a mistake which might easily occur where there are two suits between the same parties about the same matter, got hold of the wrong complaint, the allegation in which, of a demand, is essentially different from the one in the case at bar. The premises of the counsel's argument on this point being drawn from another case, his course of reasoning and his conclusions can have very little influence upon this; we will, therefore, not pursue them farther.

Both parties seem to have taken it for granted, as well as the Court, that the contents of this notice could not be proved by parol, unless the original notice was accounted for. The proof of written notices is an exceptional branch of evidence, upon which a great many conflicting decisions have been made in England and this country, which will be found collected in *Vol. 2 of Cow. & Hill's notes to Phil. Ev., pages* 431 *to* 435, *Note* 239. As no point is made upon this by the counsel for the Plaintiff in Error, and, as we rather incline to the view that a notice of the character of this one, needs the best evidence to prove it, we will not look into the point.

. Was it, then, necessary to prove the notice when it was admitted by the pleadings. It cannot be under any other theory than that this notice is necessary to confer upon the

Court jurisdiction of the subject matter, and upon this ground the counsel places it. In the first place the court of a justice is one of limited jurisdiction. In the next place this statute affords a very summary remedy to obtain possession of land, and part of it authorizes the imposition of fines, where force has been used either in obtaining the possession of lands, or in detaining such possession, when lawfully and peaceably obtained. From the constitution of the Court, and the character of the law which it is to administer, very little can be inferred or presumed in favor of proceedings of this nature.

The first section of the act prohibits forcible entries into land. The second provides that " Any justice of the peace shall have authority to enquire, as hereinafter directed," &c. Then follows directions for proceeding against parties for *forcible* and *unlawful* entries and detainers, and the mode of proceeding in such cases, until we reach *section* 12, which makes provision for obtaining possession of land under a variety of circumstances where there is no force or breach of the peace involved, which section comprehends this case, it being based on a failure to perform the agreements in a lease by a tenant, such as payment of rent and taxes, &c.

The section says, " When any person shall (here follows an enumeration of the various causes for which tenants may be put out of possession, including this case,) in all such cases if the lessor, his heirs, executors, administrators, assigns, agent or attorney shall make demand in writing of such tenant or person holding over, that he or she shall deliver possession of the premises held as aforesaid," &c., * * * * * " upon complaint thereof to any justice of the peace of the county, the justice shall proceed to hear, try and determine," &c.

All the right that the justice has to " hear, try and determine" such a case, he derives from this act. Certain facts must be proved to have transpired before his jurisdiction accrues, and the statute does not make the one more important than the other, but places them all in the same category. What were they in this case? Violation of lease by nonpayment of rent and taxes, and notice to quit and refusal. All these are proven to the justice by the complaint, which is sworn to. He then acquires jurisdiction to issue a summons

and bring the parties into court. Now, so far, there can be no doubt that the justice has jurisdiction of both parties and action. The next step in regular order, is to make up the issue. Now all the facts stated in this complaint may be litigated or not as the Defendant pleases. Suppose the Defendant answers, and expressly admits he is in default both in taxes and rent, but denies that any notice was ever served on him, and then admits in open court that he has not paid the stipulated rents and taxes. Take the theory of the Defendant in this case for granted, that each fact must be proved, and what better proof can we have than the confession of the Defendant in open court? It is the same in this case ; the Defendant did not litigate the service of the notice, and only took issue upon the other points. This admission establishes the fact of the service of the notice as fully as if it had been proven by the strongest of evidence. This view of the matter in no way conflicts with the maxim that the counsel has framed his argument upon, that " consent cannot confer jurisdiction." The justice has jurisdiction of such an action by the statute, and may try and decide a case depending upon exactly such a state of facts, each one of which is litigated. The complaint presents to him a perfect case. His jurisdiction of the subject matter is, from that time, complete, and from the service of the summons, he also obtains as complete jurisdiction of the parties, which is the entire structure of a cause. All he has to do from that point is to try such issue as the parties form by their pleadings, and render judgment upon the pleadings and proofs of the parties offered. If the Plaintiff fails in a material point, such as proving service of the notice, if it is put in issue, judgment will pass against him, not for want of jurisdiction in the justice, but for a failure to make good his complaint ; the justice can render judgment for costs against the Plaintiff in such a case, and issue execution for the collection. He certainly could not do this if he had not jurisdiction. (Sec. 9.)

Parties cannot confer jurisdiction by consent upon a court of any subject matter, which is denied to it by law, as, for instance, if parties should go before a justice of the peace and consent that he try an action for a divorce. The whole trans-

action would be a nullity. But where the statute gives a peculiar action to a Court, and in prescribing what shall constitute a cause of action in such case, requires the service of a notice upon the Defendant, which is exclusively for his benefit, there being no question of public policy or public rights involved, we think the Defendant may waive the service of such notice, or it may be established on the hearing by his admissions.

The Court erred in dismissing the action. There must be a new trial.

Case remanded.